UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HEIDI LEUTHNER and<br>KYLE LEUTHNER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SAM'S WEST, INC. D/B/A SAM'S CLUB,<br><br>　　　　Defendant. | Civil No. 0:22-CV-01787-KMM-DTS<br><br>**AMENDED COMPLAINT** |

TO:   DEFENDANT ABOVE-NAMED AND ITS ATTORNEY(S):

COME NOW, Plaintiffs, Heidi Leuthner and Kyle Leuthner, by and through their attorneys, McCarty Law LLP, for their complaint against Defendant Sam's West, Inc. d/b/a Sam's Club, (hereinafter referred to as "Defendant"), and state and allege as follows:

I.

At all times material, Plaintiff, Heidi Leuthner (hereinafter "Plaintiff"), was an adult female resident of the State of Minnesota.

II.

At all times material, Plaintiff, Kyle Leuthner, (hereinafter "Plaintiff's Spouse") was an adult male resident of the State of Minnesota; that Plaintiff's Spouse has an interest in Plaintiff's damages.

III.

At all times material, Defendant was doing substantial business in the State of Minnesota.

1

IV.

On or about July 29, 2016, Plaintiff was involved in an accident at Defendant's property at 8201 Old Carriage Ct., Shakopee, Minnesota 55379 (Hereinafter "the Property").

V.

At all times material, Plaintiff was pushing a grocery cart and returning it to a cart corral within the parking lot on the Property owned by Defendant.

VI.

At all times material, Defendant owned and operated a retail store on the Property doing business as Sam's Club.

VII.

At all times material, Defendant was responsible to take reasonable care to discover the actual condition of the property and either make the premises safe or warn Plaintiff of the dangers.

VIII.

Defendant was negligent in the maintenance of the Property and failed to reasonably maintain the parking lot, proximately causing injury to Plaintiff.

IX.

At all times material, Defendant failed to maintain its property and allowed large depressions in the parking lot.

X.

Plaintiff unknowingly stepped into a depression, tripped and fell.

XI.

As a direct and proximate result of the negligent conduct or omissions of Defendant, the Plaintiff sustained injuries including but not limited to her knee and has sustained past and will in

the future incur medical expenses for the treatment of her injuries; has in the past and will in the future incur a loss of earnings and earning capacity; and in the past and will in the future experience physical and mental pain; and has been hereby damaged and injured in an amount greater than $50,000.00.

XII.

WHEREFORE, Plaintiffs demand a trial by jury and judgment against Defendant, as follows:

a. Plaintiffs demand a judgment against the Defendant in an amount greater than Fifty Thousand ($50,000.00) Dollars;

b. For all applicable interest, costs, disbursements and attorney's fees incurred herein; and

c. For such further relief as the Court deems just and equitable.

                                              **McCARTY LAW, LLP**
                                              ATTORNEYS FOR PLAINTIFFS

Dated: <u>August 9, 2022</u>                 *S/ Kayla J. Giese*
                                              Kayla J. Giese
                                              Minnesota State Bar No. 0396480
                                              2401 East Enterprise Avenue
                                              Appleton WI 54913-7887
                                              p. (920) 882-4070
                                              f. (920) 882-7986
                                              kgiese@mccarty-law.com

ACKNOWLEDGEMENT

The undersigned attorney acknowledges, pursuant to Minn. Stat. § 549.211 (2), that the attorney and the attorneys' client are aware that upon motion of a party, or upon the court's own motion, the court in its discretion may award to that party costs, disbursements, reasonable attorney's fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith, asserted a claim or defense

that is frivolous and that is costly to the other party, asserted on unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

Dated: August 9, 2022
_____